COURT OF APPEALS
DECISION
DATED AND FILED

June 3, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2020AP1584-CR**

STATE OF WISCONSIN

Cir. Ct. No. 2018CF235

IN COURT OF APPEALS
DISTRICT IV

---

STATE OF WISCONSIN,

    PLAINTIFF-RESPONDENT,

 V.

MAYNARD B. FUNMAKER, JR.,

    DEFENDANT-APPELLANT.

---

APPEAL from a judgment and an order of the circuit court for Sauk County: PATRICIA A. BARRETT, Judge. *Affirmed in part; reversed in part and cause remanded with directions*.

Before Blanchard, Kloppenburg, and Graham, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1      PER CURIAM.   Maynard B. Funmaker, Jr., challenges his sentence for aggravated battery of an elderly person as a repeat offender.  Funmaker argues that the circuit court violated his right to due process when, prior to sentencing, it reviewed court records and apparently sentenced him in part based on a negative inference drawn from information found in those records without providing him with notice and an opportunity to rebut whatever the court had discovered in the court records.   More specifically, Funmaker argues that he is entitled to resentencing because the circuit court independently reviewed the court records before the sentencing hearing to assess Funmaker's character for truthfulness and because it was not until the postconviction motion hearing that the court first informed the parties that it had conducted this review and suggested conclusions that it had drawn from the review.  Accordingly, Funmaker argues that the court erroneously denied his postconviction motion seeking resentencing on this basis. On these unusual facts, we agree with Funmaker that he is entitled to resentencing because he did not have any opportunity to review or rebut the information that the circuit court said it had relied upon at sentencing.[1]  Therefore, we affirm in part, reverse in part, and remand for resentencing.[2]

---

[1] The parties refer to the court records at issue as CCAP records.  CCAP is a case management system provided by the Wisconsin Circuit Court Access program, which "provides public access online to reports of activity in Wisconsin circuit courts."  **State v. Bonds**, 2006 WI 83, ¶6, 292 Wis. 2d 344, 717 N.W.2d 133; *see also* **Kirk v. Credit Acceptance Corp.**, 2013 WI App 32, ¶5 n.1, 346 Wis. 2d 635, 829 N.W.2d 522 (referring to records taken from CCAP as from an "online website [that] reflects information entered by court staff.").  As we explain, however, the circuit court made ambiguous references to the specific court record information that is the subject of this appeal, which may or may not have been limited specifically to entries that the court located in the CCAP system.  Accordingly, we sometimes refer to the records at issue as "court records."

(continued)

## BACKGROUND

¶2     The following pertinent facts are undisputed.

¶3     Funmaker pleaded no contest to aggravated battery of an elderly person as a repeat offender, and the circuit court ordered a presentence investigation (PSI) report.

¶4     The PSI report detailed what it termed Funmaker's "Other Relevant Offenses," which included numerous disorderly conduct and battery convictions. Of particular note in this appeal, the PSI report reflected a 2013 conviction for failure to report to jail and stated that Funmaker had told the PSI report writer that this conviction had resulted from the fact that Funmaker "did not realize that he needed to report to jail by a certain time. He went to jail after work on the required day. He was considered late."

¶5     At sentencing, the circuit court noted that it generally weighs the severity of the offense, the character of the defendant, the need to protect the public, and the defendant's need for rehabilitation and punishment. The court

---

Separately, in his initial brief Funmaker appears to raise a discrete due process challenge to the circuit court's independent review of CCAP records regarding his prior criminal cases to determine when he had first become a "repeater" under the law. However, he does not articulate why that review violated his right to due process. Moreover, the State, in its response brief, presents several arguments why any such challenge would lack merit and Funmaker does not attempt to rebut those arguments in his reply brief. Accordingly, we deem Funmaker to have conceded this issue and do not consider it further. *See* **United Coop. v. Frontier FS Coop.**, 2007 WI App 197, ¶39, 304 Wis. 2d 750, 738 N.W.2d 578 (appellant's failure to respond in reply brief to an argument made in response brief may be taken as a concession).

[2] While Funmaker appeals the judgment and the order denying his postconviction motion, he does not challenge the underlying conviction or the part of the order that denied his postconviction motion for sentence modification. His challenge is directed only to the part of the order that denied his motion for resentencing.

3

remarked that Funmaker's criminal record was "long" and "extensive in the terms of types of crimes." Speaking directly to Funmaker, the court noted that it had "reviewed your criminal history in CCAP, and you started being subject to repeater allegations back in 2005." The court observed that he might have been eligible for "repeater" status before 2005, "but that's when [the repeater allegations] first started surfacing in your charges." The court proceeded to go through Funmaker's record, referencing several disorderly conduct charges and convictions, and a case involving an "attack" on a law enforcement officer, and stated, "Given the extensiveness of your record, whether the charges were dismissed, read in or part of a plea, [alcohol has] been a long-term problem for you." In assessing Funmaker's character, the court noted that he had a propensity for displays of anger and violence when drinking that caused him to place his friends and the public at risk. In assessing Funmaker's rehabilitative needs, the court remarked, "again, by looking at your past criminal history, the types of facts that have supported some of your pleas speak loudly and clearly to a problem." Referencing Funmaker's first criminal charge in 2002 and his long record, the court stated that the "biggest issue … is the protection of the public." The court then followed the State's recommendation and imposed a sentence comprised of four years of initial confinement and three years of extended supervision.

¶6 Funmaker filed a motion for postconviction relief, arguing, as pertinent to this appeal, that he was entitled to resentencing by a different judge because the circuit court had violated his due process rights "by conduct[ing] an independent investigation" of his CCAP records.

¶7 The circuit court held a hearing and denied Funmaker's motion. Although no evidence was introduced at this hearing by either side, the circuit court informed the parties for the first time that it had reviewed certain court

records before sentencing. The circuit court explained that, in anticipation of sentencing, it had reviewed CCAP records of some criminal cases against Funmaker to determine: whether he had been sentenced in two pending revocation cases; the sentence credit that may have been due in this case; and whether the sentence in this case should be consecutive or concurrent to sentences in other cases.

¶8 Of particular note in this appeal, the circuit court further stated that, in advance of sentencing, it had reviewed details of the 2013 Sauk County case in which Funmaker had been convicted of failure to report to jail. The court focused on Funmaker's statement in the PSI report that this conviction had resulted from him having merely shown up late for jail on his report date. The court explained that in its experience people are not "usually" charged with failure to report to jail in Sauk County when they merely report to jail late on the assigned report date. Based on this experience, the court explained, it reviewed the court records in advance of sentencing to "try[] to determine an aspect of what was raised in the [PSI report] about Mr. Funmaker's truthfulness or deceptiveness as part of his character, which was important to the Court [in determining his sentence]." The court clarified that it "was just trying to figure out certain things that were raised by the [PSI report], and the issues of the answers that Mr. Funmaker gave."

¶9 In discussing this issue at the postconviction hearing, the circuit court said that it had "reviewed CCAP" and that it had relied on "some common institutional knowledge that the Court had about the practice in Sauk County." It also said that it had wanted to probe Funmaker's character for truthfulness, in advance of sentencing, by determining whether "the complaint itself" in the failure to report case shed light on whether Funmaker lied to the PSI report writer when he said that he was merely late in reporting to jail. The concept would be that

something that the court sought out in court records, either in CCAP or otherwise, would reveal whether or not Funmaker merely reported to jail late on the assigned report date. However, the court did not explicitly identify either the specific court records that it actually reviewed, nor did the court state any clear conclusions it drew from the records it reviewed.

¶10 Funmaker appeals, challenging the denial of his postconviction motion for resentencing before a different judge.

## DISCUSSION

¶11 The question on appeal is narrow: whether the circuit court at sentencing violated Funmaker's right to due process when it considered and relied on details in court records regarding a prior case in order to assist the court in determining Funmaker's character for truthfulness, without giving Funmaker any opportunity either to review or to attempt to rebut the information that the court reviewed. As we explain, we agree with Funmaker that the answer is yes and that he is, therefore, entitled to resentencing.

¶12 Whether a defendant's right to due process in sentencing was violated presents a question a law that this court reviews independently. *State v. Counihan*, 2020 WI 12, ¶23, 390 Wis. 2d 172, 938 N.W.2d 530. In *Counihan*, our supreme court confirmed that defendants have a due process right to an adequate opportunity to review and rebut information reviewed by a circuit court at sentencing. *Id.*, ¶39. The court explained, "As part of the constitutional due process guarantee that a defendant be sentenced on reliable information, the defendant has the right to rebut evidence that is admitted by a sentencing court. Obviously, if sentencing information is kept from the defendant, [the defendant] cannot exercise this right." *Id.* (internal citations and quotation marks omitted).

The court also stated that a postconviction motion is a timely and appropriate means of challenging a circuit court's reference at sentencing to previously unknown information. *Id.*, ¶¶36-37.

¶13     Here, although the circuit court's statements are not entirely clear, we interpret the court to have, at a minimum, informed the parties at the postconviction motion hearing that, unknown to the parties at sentencing, it had prepared for sentencing in part by reviewing court records related to the failure to report case and in doing so found information that supported, or at least did not undermine, its initial concern, based on its "common institutional knowledge," that Funmaker had lied to the PSI report writer.

¶14     Further, we interpret the circuit court to have explained at the postconviction motion hearing that, at sentencing, it had relied on these court records related to the failure to report to jail case to support its view that Funmaker has a bad character, as reflected in part in his alleged lie to the PSI report writer in representing that he had been merely late to report to jail on the assigned report date.

¶15     Based on this record, we conclude that Funmaker's due process rights were violated and that he is entitled to resentencing because he was not given any opportunity to review or rebut court record information reviewed by the circuit court regarding the 2013 case on which the court stated it relied in determining his sentence. *See Counihan*, 390 Wis. 2d 172, ¶39-40; *see also State v. Loomis*, 2016 WI 68, ¶53, 371 Wis. 2d 235, 881 N.W.2d 749 (recognizing that defendant must be given an "opportunity to refute, supplement or explain" information at sentencing (citing *Gardner v. Florida*, 430 U.S. 349, 362 (1977) (which ruled that defendant was denied due process when sentenced on

information that he had no opportunity to deny or explain)); *cf*. ***Rosado v. State***, 70 Wis. 2d 280, 287, 234 N.W.2d 69 (1975) (ruling that defendant was not denied due process when, after evidence that surprised defendant was introduced at the sentencing hearing, the circuit court vacated the sentence and ordered a continuance, "thus affording defense counsel ample opportunity to respond to and rebut" evidence).

¶16    The State does not directly address the narrow due process claim we address here:  the lack of any opportunity for Funmaker to review or rebut the information in the court records of the failure to report case that the circuit court relied on, in part, to assess Funmaker's character for truthfulness and "make some decisions" about his sentence.  However, for the sake of completeness, we address the State's arguments as best we can discern them.

¶17    The State argues that the circuit court properly accessed its institutional memory via these court records because this was consistent with the proposition in ***Counihan*** that a sentencing court may rely on the court's institutional memory regarding a range of sentences that have been imposed for similar offenses.  *See* ***Counihan***, 390 Wis. 2d 172, ¶¶44, 47-48.  But that proposition is not material to the question here: whether the court violated due process when it reviewed records to assess Funmaker's character for truthfulness without giving him an adequate opportunity to respond and rebut whatever information the court reviewed in the records on the alleged deception issue.

¶18    The State separately argues that Funmaker has failed to show that the circuit court violated his due process rights because the court merely reviewed "CCAP case information" and Funmaker has not shown that the information that the court reviewed is inaccurate.  However, as Funmaker notes, he cannot make

such a showing because the court did not identify precisely what information the court reviewed or what conclusions it drew from that information; instead, the court explained only that it had reviewed court records and strongly implied that this review had disadvantaged Funmaker. The State makes the categorical assertion that "CCAP case history" can always be referenced by a sentencing court because it consists of "judicially noticed facts" that are "not subject to reasonable dispute." We need not attempt to address all aspects of this assertion to reject this argument; the State fails to explain how the specific information that the court reviewed here constitutes the type of "CCAP case history" that the State refers to, and we reject the State's argument on this basis.

¶19    To the extent that the State is arguing that Funmaker has not met his burden to show that the information that the circuit court stated it reviewed and relied on is inaccurate, that argument is inapposite. Funmaker bases his due process argument not on the inaccuracy of the information that the court reviewed and relied on in determining his sentence, but on the court's failure to provide him with notice and an opportunity to respond. As we have explained, Funmaker has carried his burden to show that he failed to receive notice of and an opportunity to respond to information that the court acknowledged it relied on, and the State fails to rebut that showing.

¶20    The State also argues that any error was harmless because the circuit court "would have imposed the same sentence even if it had not looked at Funmaker's criminal history." The State argues that at sentencing the court stressed factors other than Funmaker's character for truthfulness, namely Funmaker's repeated criminal conduct, often accompanied by his consumption of alcohol, and the need to protect the public from such conduct. However, the court stated at the postconviction hearing that assessing Funmaker's character for

truthfulness "was important to the Court" in determining his sentence. Inasmuch as the court did consider Funmaker's character at sentencing, the State cannot show that whatever additional information the court reviewed that the court thought shed light on Funmaker's character for truthfulness was not material to the sentence that the court imposed. Moreover, without knowing what information the court reviewed in the court records, and what conclusions it drew from them, regarding Funmaker's character, the State cannot show that the court would have imposed the same sentence had it not reviewed those records.

¶21 Finally, one argument is notably absent from the State's briefing. The State does argue that it did not violate due process for the circuit court to review Funmaker's CCAP criminal history to assess the length of his repeater status. However, the State does not make an analogous argument with respect to the court's review of the court records from the failure to report case to help it assess Funmaker's character for truthfulness. This is an implicit concession.

¶22 In sum, we reverse the part of the circuit court's order denying Funmaker's postconviction motion for resentencing, and we remand for resentencing. After resentencing, the circuit court shall issue an amended judgment of conviction.

## CONCLUSION

¶23 For the reasons stated, we affirm in part, reverse in part, and remand for resentencing.

*By the Court.*—Judgment and order affirmed in part; reversed in part and cause remanded with directions.

10

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5 (2019-20).